UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Canadian Newstar Manufacture Co., Ltd., | Court File No. 0:24-CV-04030 (JMB / SGE) |
| Plaintiff, | |
| v. | **RULE 26(F) REPORT** |
| Delavan AG Pumps, Inc., | |
| Defendant. | |

The counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on January 3, 2025, and prepared the following report.

The initial pretrial conference in this matter is scheduled for January 10, 2024, before United States Magistrate Judge Shannon G. Elkins via Zoom – audio only.

## **DESCRIPTION OF CASE**

1. Concise factual summary of Plaintiff's claims;

Plaintiff alleges that Defendant purchased and received certain products but did not pay Plaintiff for the amounts owed. Plaintiff seeks damages for breaches of contract according to the parties' payment terms.

2. Concise factual summary of Defendant's claims/defenses;

Defendant denies liability for Plaintiff's breach of contract claim because Defendant has never placed orders with or received purchase orders or invoices from Plaintiff Canadian Newstar Manufacture Co., Ltd. ("Canadian Newstar"). The invoices attached to Plaintiff's Complaint as Exhibit A were sent by Shandong Newstar Aero Hydraulics Machinery Co., Ltd. ("Shandong Newstar"), not Plaintiff. Defendant is not aware of what relationship, if any, Plaintiff has to Shandong Newstar. Additionally, publicly available information indicates that Plaintiff Canadian Newstar has been dissolved since 2005.

Defendant additionally asserts an interpleader counterclaim as there exist multiple competing parties for payment of the invoices that form the basis of the claims asserted in Plaintiff's Complaint that subject Defendant to competing claims that put Defendant at risk of incurring double or multiple liabilities. Additional interested parties include, at least, two companies located in Longkou, China who Delavan has historically placed orders with including Shandong Newstar and Yantai Newstar Hydrotec Co., Ltd ("Yantai Newstar"). (*See* Dkt. 11, ¶¶ 1-19.)

3. Statement of jurisdiction (including statutory citations);

Defendant alleges that the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because Plaintiff has not pled allegations establishing that the amount in controversy exceeds $75,000 because the invoices attached as Exhibit A to Plaintiff's Complaint were not sent by Plaintiff. Plaintiff has not alleged facts demonstrating that Defendant is indebted to Plaintiff.

Defendant does not contest that the Court has personal jurisdiction in this action, and that venue is proper in this District.

4. Summary of factual stipulations or agreements;

None.

5. Statement of whether jury trial has been timely demanded by any party;

No jury trial demand has been made.

6. Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action;

Defendant is attempting to serve interested parties located in China with its interpleader counterclaim.

7. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

Not applicable.

8. If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

The parties do not agree to the Rules of Procedure for Expedited Trials.

## DISCOVERY

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the

parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

**FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **February 14, 2025**.

2. Fact discovery procedures shall be commenced in time to be completed on or before **August 1, 2025**.

3. The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

    (a) No more than a total of **25** interrogatories, counted in accordance with Rule 33(a), shall be served by each side.[1]

    (b) No more than **30** document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

5. No more than **5** depositions, excluding expert witness depositions, shall be taken by either side.

6. Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

    The parties have reached the following additional agreements concerning the taking of depositions: **None**.

7. The parties have agreed upon the following additional limitations on discovery procedures: **None**.

---

[1] The parties shall discuss and include in this section whether the proposed limitations should be per side or per party, along with definitions of those terms if needed. They shall also discuss and include whether any of the limitations should refer to the number of requests served *by* a particular party or side or *on* a particular party or side.

8. <u>Other discovery issues</u>.

   (a) Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order: **<u>The parties have discussed and do not anticipate significant electronic discovery in this case. The parties do not require any special agreement related to ESI in the scheduling order</u>**.

   [**NOTE**: If it appears there will be significant electronic discovery, the parties shall jointly submit a proposed ESI Protocol, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section. The parties are also reminded that the proposed ESI Protocol and a proposed order that includes the terms of the proposed ESI Protocol must be filed on CM/ECF and a Word version of the proposed order must be e-mailed to the chambers e-mail box.]

   (b) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and **do** request the Court to include the following agreement in the scheduling order or as part of a protective order:

   > The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

   If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here: **Not applicable**.

4

**EXPERT DISCOVERY**

The parties anticipate that they **will not** require expert witnesses at trial.

**NON-DISPOSITIVE MOTION DEADLINES**

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before **August 1, 2025**.

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before **not applicable**.

3. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **August 15, 2025**.

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **not applicable**.

**PROTECTIVE ORDER**

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. [**NOTE**: The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (*http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf* or *http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx*).] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed on CM/ECF and a Word version of the document must be e-mailed to Magistrate Judge Elkins' chambers.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

**DISPOSITIVE MOTION DEADLINES**

The parties **do not** believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before **December 22, 2025**.

**SETTLEMENT**

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must discuss whether they believe the case is appropriate for a private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

   The results of that discussion, including any proposals or recommendations, are as follows: The parties have had preliminary discussions regarding settlement. The parties have discussed structuring any resolution to make sure that the Defendant does not face duplicative liability from other Chinese entities. The parties have agreed to continue discussions.

2. Each party will email to Magistrate Judge Elkins' chambers, no later than one (1) week before the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes and early settlement conference would be productive, what discovery each party believes is necessary before and early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Elkins in planning or furthering early settlement efforts. [**NOTE**: This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Elkins for ruling.]

3. The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

**TRIAL**

1. Trial by Magistrate Judge:

   The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to magistrate judge jurisdiction, all proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2.  The parties agree that this case will be ready for trial on **March 2, 2026**. The anticipated length of the **jury** trial is **3** days.

| | |
|---|---|
| Dated: January 3, 2025 | *s/ Jeffrey W. Post* |
| | Jeffrey W. Post (#0271883) |
| | Ryan C. Young (#0397751) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 60 South Sixth Street |
| | Suite 1500 |
| | Minneapolis, MN  55402-4400 |
| | Telephone:  (612) 492-7000 |
| | jpost@fredlaw.com |
| | ryoung@fredlaw.com |
| | |
| | *Attorneys for Defendant Delavan AG Pumps, Inc.* |
| Dated: January 3, 2025 | *s/ Faris Rashid* |
| | Faris Rashid (#0391508) |
| | **GREENE ESPEL PLLP** |
| | 222 S. Ninth Street, Suite 2200 |
| | Minneapolis, MN 55402 |
| | frashid@greeneespel.com |
| | (612) 373-0830 |
| | |
| | *Attorneys for Plaintiff Canadian Newstar Manufacture Co., Ltd.,* |